

U.S. Department of Justice

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

**John Joseph Moakley United States Courthouse**
**1 Courthouse Way**
**Suite 9200**
**Boston, Massachusetts 02210**

September 11, 2020

**BY EMAIL**

Charles E. Dolan
Raipher D. Pellegrino Associates, P.C.
265 State St.
Springfield, MA 01103

    Re:    United States v. Weiqing Li
              Criminal No. 20-30021-MGM

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    Rule 16 Materials

1.    Statements of Defendant under Rule 16 (a)(1)(A) & (a)(1)(B)

    a.    Written Statements

There are no relevant written statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    b.    Recorded Statements

The defendant made recorded statements while being interview by law enforcement on July 29, 2020. This recording will be produced to you upon receipt by this office.

    c.    Grand Jury Testimony of the Defendant

The defendant did not testify before a grand jury in relation to this case.

d. Oral Statements to Then Known Government Agents

The defendant made statements to then-know government agents on July 29, 2020. Documents regarding these statements were previously produced to you on August 27, 2020 (Bates No. WEIQING_LI_000001-000009). A recording of these statements will be produced to you upon receipt by this office.

2. Defendant's Prior Record under Rule 16 (a)(1)(D)

The defendant's prior criminal record was previously produced to you on August 27, 2020 (Bates No. WEIQING_LI_000010-000011).

3. Documents and Tangible Objects under Rule 16(a)(1)(E)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4. Reports of Examinations and Tests under Rule 16 (a)(1)(F)

A copy of the report of drug analysis will be provided to you upon receipt by this office.

B. Search Materials under Local Rule 116.1(C)(1)(b)

A search warrant for the tracking of a 2006 Honda Odyssey, Massachusetts registration number 26S520, vehicle identification number 5FNRL386X6B426720, was obtained on September 17, 2019. Copies of the search warrant, application, and affidavit were previously provided to you on August 27, 2020 (Bates No. MONSON_000001-000027).

Search warrants were executed at 32 Main Street, 36 Main Street, and 151 Palmer Road in Monson, Massachusetts, and at 4026 Pleasant Street, 1036 Central Street, and 2041-2043 High Street in Palmer, Massachusetts on July 29, 2020. Copies of the search warrants, applications, affidavit, and returns were previously provided to you on August 27, 2020 (Bates No. MONSON_000498-000600).

C. Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of

wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

The names of known unindicted coconspirators as to the conspiracy charged in Count One of the indictment are set forth in a separate letter, dated September 11, 2020, to defense counsel filed under seal with the court.

F. <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.

G. <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1. The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2. The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4. The government is unaware that any of its named case-in-chief witnesses have a criminal record.

5. The government is unaware that any of its named case-in-chief witnesses have a criminal cases pending.

6. No named percipient witness(es) failed to make a positive identification of a defendant with respect to the crime(s) at issue.

H. <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the indictment in this case a copy of which you previously have received.

If you have any questions or concerns, please feel free to contact me directly at (413) 785-0142.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: /s/ *Catherine G. Curley*
Catherine G. Curley
Assistant U.S. Attorney

cc: Melissa Rivera
Clerk to the Honorable Katherine A. Robertson